UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LESLEY P. SMITH, III, | ) | Case No. 1:06CV02123 |
| | ) | 4:03cr67* |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE ANN ALDRICH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | <u>MEMORANDUM AND ORDER</u> |

Before this court is a motion by Lesley P. Smith, III ("Smith"), to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.)  Smith alleges ineffective assistance of counsel in violation of the Sixth Amendment because counsel did not argue that: (1) Smith should not be held liable for the full nine ounces of cocaine involved in the crime, but rather the nine ounces of cocaine should have been divided among the three co-conspirators so that each conspirator bore responsibility for only one-third of the cocaine; (2) Smith should not have been sentenced under 18 U.S.C. § 924(c) because he did not use a dangerous weapon during the crime, he merely possessed one; and (3) possession of the weapon was unrelated to the drug trafficking crime.  For the following reasons, the court denies this motion.

## I. Background

On January 15, 2003, Smith transported a firearm and approximately nine ounces of cocaine to a pre-arranged meeting point to distribute the cocaine to co-defendants William Burgess, IV, and Charlene Romane.  Burgess and Romane  planned to immediately sell the nine ounces of cocaine supplied by Smith to a customer who, unbeknownst to the conspirators, was a police officer acting in an undercover capacity.  The three co-defendants were immediately

arrested by agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and the Trumbull County, Ohio Sheriff's Office.

On February 20, 2003, Smith was indicted and charged with: (i) conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count 2); (ii) possession of approximately nine ounces of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and (iii) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 5).  On June 14, 2005, Smith entered guilty pleas to counts three and five of the indictment.  The pleas were entered pursuant to an oral plea agreement whereby the government agreed to dismiss the conspiracy charge and to recommend a three-level reduction for acceptance of responsibility.  Smith was advised that his guilty plea to count five would result in a mandatory five-year sentence that would be "served consecutively to the sentence imposed on Count 3."  At sentencing, the court found the defendant was responsible for 200-300 grams (approximately nine ounces) of cocaine and set his base offense level at twenty.  After granting Smith a reduction of three levels for acceptance of responsibility as well as a downward adjustment of his Criminal History Category, the court sentenced Smith to a term of imprisonment of 30 months on count three, the low end of the guideline range.

On September 1, 2006, approximately eleven months after the court entered judgment, Smith filed a motion to vacate sentence under 28 U.S.C. § 2255. (Doc. No. 1.)  Smith argues that he received ineffective assistance of counsel when his attorney failed to object at sentencing to: (1) the imposition of a term of imprisonment under 18 U.S.C. § 924(c); and (2) the calculation of his base offense level on count three of the indictment.

**II.  Discussion**

-2-

Smith moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming that the sentence was imposed in violation of the Constitution or laws of the United States.  Smith asserts ineffective assistance of counsel, and therefore must show: (1) that counsel's performance was deficient, and counsel made errors so serious as to not be functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, with counsel committing errors so serious as to deprive the defendant of a fair trial.  *Anderson v. United States*, No. 1:04CV1368, 2007 U.S. Dist. LEXIS 35433 at *3 (N.D. Ohio May 15, 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  A petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel.  If the court determines that the petitioner fails to satisfy one prong, it need not consider the other.  *Cooper v. United States*, No. 2:03CV0479, 2007 U.S. Dist. LEXIS 39124 at *22 (N.D. Ohio May 29, 2007) (citing *Strickland*, 466 U.S. at 697).  The court "indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ."  *Strickland*, 466 U.S. at 689.  A claim of ineffective assistance of counsel must be established by a preponderance of the evidence.  *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted).

**A.  Smith was properly sentenced under 18 U.S.C.  924(c).**

Smith asserts that he should not have been sentenced to the mandatory five-year sentence under 18 U.S.C. § 924(c) because he did not use a firearm in commission of the drug trafficking offense.  Rather, he believes that counsel should have argued that he merely possessed the firearm during the crime, punishable by a two level upward adjustment of his offense level

pursuant to U.S.S.G. § 2D1.1(b)(1).  The court finds that Smith was properly sentenced and that

counsel was not ineffective regarding this count.

In his motion, Smith relies on the Supreme Court's interpretation of the word "use" of a

weapon, saying that he did not brandish, display, barter, strike with, fire or attempt to fire his

weapon during the crime and therefore should not be charged under 18 U.S.C. § 924(c).  *Bailey*

*v. United States*, 516 U.S. 137, 148 (1995).  In direct response to *Bailey*, however, § 924(c) was

amended to include mere possession in furtherance of a drug trafficking crime.  *United States v.*

*Pagan-Ortega*, 372 F.3d 22, 30 n.4 (1st Cir. 2004) (citation omitted).  Section 924(c) now states

in relevant part that:

> any person who, during and in relation to any crime of violence or drug
> trafficking crime . . . for which the person may be prosecuted in a court of the
> United States, uses or carries a firearm, or who, in furtherance of any such crime,
> possesses a firearm, shall, in addition to the punishment provided for such crime. . .
> (i) be sentenced to a term of imprisonment of not less than 5 years.

Since Smith readily admits that he carried and possessed a firearm during a drug trafficking

crime, he was properly sentenced under § 924 even though he did not actively "use" his weapon.

Smith also contends that the evidence is insufficient to prove that he carried the firearm

"in relation" to the drug trafficking offense as required by § 924(c).  Smith cites a vacated

decision, *United States v. Malcuit*, 104 F.3d 880 (6th Cir. 1997), to support this contention.  This

case, however, provides no support for Smith.  In *Malcuit*, the defendant possessed an unloaded

gun in the trunk of his car as he transported drugs to a meeting point.  At the meeting point, he

left the gun in the trunk upon leaving his car and entering another car to sell the drugs.  The

Sixth Circuit originally vacated Malcuit's sentence insofar as it was based on the § 924(c)

charge, stating that the firearm must have some purpose or effect with respect to the drug

trafficking crime under this law.  That decision, however, was vacated by the court *en banc*, in 116 F.3d 163 (6th Cir. 1997), and a rehearing was granted.  Upon rehearing, Malcuit's conviction was affirmed by the Sixth Circuit, which found that the defendant was considered to be in possession of the firearm during and in relation to the drug trafficking offense even though the firearm was out of his reach.  *United States v. Malcuit*, No. 95-3794, 1999 U.S. App. LEXIS 7387 (6th Cir. Apr. 13, 1999).

Even under the Sixth Circuit's initial ruling in *Malcuit*, the court would likely find that Smith carried the firearm in relation to the drug trafficking offense.  In *Malcuit* the court initially found it significant that the firearm was locked in a trunk out of the defendant's reach while he sold the drugs.  Smith, however, carried his weapon in the front pocket of his jacket during the course of the transaction, only dropping it to the floor of the car and kicking it under the front passenger seat when surrounded by police.  Unable to survive even that analysis, Smith's claim that he should not be charged under § 924(c) certainly fails under the Circuit Court's final ruling in *Malcuit*.  The court finds no error in Smith being convicted under § 924(c) for carrying a firearm during and in relation to a drug trafficking crime.

Counsel acted properly in not objecting to this valid sentence.  Since Smith fails to meet the first prong of the two part test regarding ineffective assistance of counsel, the court does not need to address the second prong.  The court finds that the defense did not render ineffective counsel on this charge.

**B.  Proper drug amount was attributed to Smith.**

Smith maintains that counsel was ineffective at sentencing for not asserting that, in calculating a defendant's base offense level, the amount of drugs involved in the crime should be

divided equally among the co-defendants, with each of the three co-conspirators bearing responsibility for only one-third of the cocaine (or approximately three ounces or eighty-four grams each.)  Smith's assertion that he should only be liable for three ounces of the cocaine is contrary to the facts, statute, and common sense.  Smith himself knowingly possessed and transported the full nine ounces of cocaine to the meeting point with the intent to distribute it to Burgess so that Burgess could sell it to an unknown customer.  Since a defendant is liable for all drugs with which he was directly involved, Smith is liable for the full nine ounces.  U.S.S.G. Appl. Note 2 to § 1B1.3 (where an offense involves controlled substances, "the defendant is accountable for all quantities of contraband with which he was directly involved.").

Moreover, a defendant's accountability is not reduced proportionately to the number of other individuals involved in the offense, as illustrated in Appl. Note 2(a)(1) and 2(c)(3), (5), (7), and (8) to § 1B1.3.  Since Smith knowingly possessed and transported the full nine ounces of cocaine, and then engaged in a jointly undertaken criminal activity involving the nine ounces of cocaine, his offense level on count three was correctly calculated.  The first prong of the two part test of ineffective counsel is not met because counsel did not err or render a deficient performance, the court need not address the second prong.  The court finds that Smith's defense counsel did not render ineffective assistance on count three.

### III.  Conclusion

The court finds that Smith's Sixth amendment rights were not violated and that counsel did not render a deficient performance that prejudiced the defense.  The court finds that Smith was properly sentenced and denies the motion to vacate, set aside, or correct sentence (Doc. No. 1).  The court hereby dismisses the matter with prejudice, and further certifies pursuant to 28

U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that

there is no basis on which to issue a certificate of appealability.  Fed.R.App.P. 22(b);  28 U.S.C.

§ 2253(c).

       IT IS SO ORDERED.

                                              s/Ann Aldrich
                                           ANN ALDRICH
                                           UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2007